IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FRACTUS, S.A. § | |
| § | |
| **Plaintiff,** § | |
| § | |
| § | |
| v. § | Civil Action No. 2:20-cv-00097 |
| § | |
| TCL CORP.; TCL COMMUNICATION § | JURY TRIAL DEMANDED |
| TECHNOLOGY HOLDINGS, LTD.; § | |
| TCT MOBILE WORLDWIDE, LTD.; § | |
| AND TCT MOBILE § | |
| INTERNATIONAL, LTD. § | |
| § | |
| § | |
| § | |
| **Defendants.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fractus, S.A. ("Fractus" or "Plaintiff") hereby submits this Complaint for patent infringement against Defendants TCL Corporation, TCL Communication Technology Holdings, Limited, TCT Mobile Worldwide, Limited, and TCT Mobile International, Limited (collectively, "TCL" or "Defendants").

**THE PARTIES**

1. Fractus, S.A. is a foreign corporation duly organized and existing under the laws of Spain with its principal place of business in Barcelona, Spain.

2. Fractus is the owner by assignment of all right, title, and interest in U.S. Patent Nos. 7,394,432, 7,397,431, 8,941,541, 8,976,069, 9,054,421, 9,240,632, and 9,362,617 (the "Patents-in-Suit").

3. On information and belief, Defendant TCL Corp. is a corporation organized under the laws of China with its principal place of business at No. 26, the Third Road, Zhongkai

Avenue, Huizhou City, Guangdong, P.R. China 516006. TCL Corp. may be served pursuant to the provisions of the Hague Service Convention.

4. On information and belief, Defendant TCL Communication Technology Holdings, Ltd., is a corporation organized under the laws of China with its principal place of business at 15/F, TCL Tower, Gaoxin Nan Yi Road, Nanshan District, Shenzhen, People's Republic of China. TCL Communication Technology Holdings, Ltd., may be served pursuant to the provisions of the Hague Service Convention. TCL Communication Technology Holdings, Ltd., is one of four business units of its parent, TCL Corp.

5. On information and belief, Defendant TCT Mobile Worldwide, Ltd., is a corporation organized under the laws of Hong Kong with its principal place of business at 5/F HK Science Park Bldg., Shatin, NT, Hong Kong. TCT Mobile Worldwide, Ltd., may be served pursuant to the provisions of the Hague Convention. TCT Mobile Worldwide, Ltd., is a subsidiary of TCL Communication Technology Holdings, Ltd.

6. On information and belief, Defendant TCT Mobile International, Ltd., is a corporation organized and existing under the laws of Hong Kong, with its principal place of business located at 1910-12A Tower 3, China Hong Kong City, 33 Canton Road, Tsim Sha Tsui, 31802888 Hong Kong. TCT Mobile International, Ltd., may be served pursuant to the provisions of the Hague Convention. TCT Mobile International, Ltd., is a subsidiary of TCT Mobile Worldwide, Ltd.

7. On information and belief, the defendants identified in paragraphs 3-6 above are an interrelated group of companies which together compromise one of the leading manufacturers of cellular telephones in the world and a big seller of cellular telephones in the United States.

**JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

9.      This Court has personal jurisdiction over Defendants. Fractus is informed and believes, and on that basis alleges, that Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. Defendants have purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendants regularly sell (either directly or indirectly), their products within this district. For example, Defendants have placed and continue to place infringing products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be sold in this Judicial District and the State of Texas. Defendants are subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial and pervasive business in this State and judicial district, including at least part of their infringing activities alleged herein and deriving substantial revenue from goods sold to Texas residents.

10.     Venue is proper for all Defendants in this federal district pursuant to 28 U.S.C. § 1400(b), 28 U.S.C. § 1391(c), and *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972). There is no clearly more convenient venue.

## FACTUAL ALLEGATIONS

*Fractus Technology*

11.     Fractus is a company specializing in advanced antenna technologies based in Barcelona, Spain. Fractus was founded by two college friends, Ruben Bonet and Carles Puente. Dr. Puente, a Professor at the Universitat Politècnica de Catalunya, is the lead inventor on the

Patents-in-Suit. Dr. Puente's early research work focused on fractal antennas and evolved over time into the widely applicable and flexible antenna designs that appear in and are covered by the Patents-in-Suit. While these designs have their origins in fractal antenna designs, they are not themselves fractal antennas. Instead, the antenna designs adhere to rules that allow the reuse of antenna regions during operation in multiple frequency bands while eliminating the requirement of a self-repeating shape as was required in fractal designs. By implementing the concepts disclosed in the Patents-in-Suit, the inventions permit antennas to operate at increased numbers of frequency bands while simultaneously reducing their size, allowing greater performance within smaller spaces.

12.     Fractus has designed antennas for and/or has licensed the right to use its technology to much of the mobile antenna community, including HTC, Kyocera, LG, Palm, Pantech, RIM, Motorola, Samsung, Sharp, and UTStarcom. Since its incorporation Fractus has cumulatively sold more than 40 million antennas to customers. Among the numerous awards and honors the company has received for its innovative work, Fractus won the 2004 Frost & Sullivan Award for technological innovation, was named a 2005 Davos World Economic Forum Technology Pioneer and one of Red Herring's top innovative companies for 2006. Fractus inventors were finalist for the EPO European Inventor Award in 2014 and on April 2017 Fractus received the "European Inspiring Company Award" by the London Stock Exchange and the Elite Group. In October 2017, Fractus was selected by the European Patent Office (EPO) as an example of IP strategist for small and medium-sized enterprises.

*TCL's Infringing Products*

13.     TCL makes, uses, sells, offers for sale and/or imports Infringing Products in the United States, including but not limited to, the following examples of infringing mobile devices: Alcatel 1S, Alcatel Dawn, Alcatel Pixi 3 (4.5"), Alcatel QuickFlip, Alcatel 1X, Alcatel Elevate,

Alcatel Pixi 4 (4.5"), Alcatel Raven, Alcatel 1X Evolve, Alcatel Fierce 4, Alcatel Pixi 4 (5"), Alcatel Retro, Alcatel 3V (2019), Alcatel Fling, Alcatel Pixi 4 (6"), Alcatel REVVL, Alcatel 7, Alcatel Go Flip (CDMA), Alcatel Pixi Avion, Alcatel REVVL 2 Plus, Alcatel 871A, Alcatel Go Flip (GSM), Alcatel Pixi Bond, Alcatel SmartFlip, Alcatel A30 (GSM), Alcatel Go Flip 3, Alcatel Pixi Eclipse, Alcatel Sonic, Alcatel A30 Fierce, Alcatel Go Flip V, Alcatel Pixi Glitz, Alcatel SpeakEasy, Alcatel A30 Plus, Alcatel Go Play, Alcatel Pixi Pulsar, Alcatel Streak, Alcatel A205G, Alcatel Ideal, Alcatel Pixi Theatre, Alcatel Tetra, Alcatel A206G, Alcatel IdealXCITE, Alcatel Pixi Unite, Alcatel Tru, Alcatel A207BG, Alcatel IdealXTRA, Alcatel Pop 3 (5"), Alcatel Verso, Alcatel A392G The Big Easy Flip, Alcatel Idol 3 (5.5"), Alcatel Pop 4 Plus, Alcatel ZIP, Alcatel Allura, Alcatel Insight, Alcatel Pop Icon, Alcatel Avalon V, Alcatel Jitterbug Flip, Alcatel Pop Icon 2, Alcatel Cameox, Alcatel Jitterbug Smart 2, Alcatel Pop Mega, Alcatel Cinch, Alcatel Kora, Alcatel Pop Nova, Alcatel Cingular Flip 2, Alcatel MyFlip, Alcatel Pop Star, Alcatel Conquest, Alcatel Onyx, Alcatel Pop Star 2, TCL A1, TCL A1X, TCL LX, TCL LX1, and TCL LX2 (the "Infringing Products").

14. The above list is not exhaustive. Fractus's investigation of TCL's Infringing Products is ongoing, and the above list will expand as warranted to include additional Infringing Products with similarly designed antennas.

15. Each of the accused devices includes an internal, multiband antenna such as the one depicted below from the Alcatel REVVL.



16. The antennas in the Infringing Products are not fractal, but are made up of multiple levels of detail. The overall shape of the antenna is one level of detail. The overall shape is made up of another level of detail consisting of smaller electromagnetically connected elements of different sizes. As can be seen in the image above, the majority of the individual elements remain identifiable because at least 50 percent of their perimeters remain free (depicted by the green overlaid lines). These electromagnetically connected elements form different paths or regions on which the currents associated with the multiple frequency bands flow while the antenna is operating. On information and belief, the associated currents flow in different regions of the antenna depending on the frequency band at which the antenna is operating, although there will always be some regions in common among the different frequency bands. Rather than having a separate antenna for each frequency band of operation, the antennas in the Infringing Products obtain multiband performance by reusing the same antenna regions across their multiple bands of operation. The simulation figures below show the active regions of the Alcatel REVVL antenna at three of its operational frequencies, 700 MHz, 1700 MHz, and 1900 MHz, with blue colors indicating inactive regions. As can be seen, all three frequencies reuse some of the same portions of the antenna during operation.





17. On information and belief, the radioelectric performance of the antennas is similar between the multiple frequency bands of operation. Cell phone antennas require omnidirectional radiation patterns to ensure proper operation regardless of the orientation of the cell phone in relation to the cell tower. Additionally, on information and belief, the impedance levels of the antennas must fall within certain ranges (typically measured using a standing wave ratio (SWR) of 4.0 or less) to ensure sufficient transmitting power and adequate battery life for the cell phone. The measured radiation patterns for the Alcatel REVVL antenna at three of its operational frequency bands are shown below. As can be seen, they are substantially similar and omnidirectional.







The measured SWR for the Alcatel REVVL antenna is also shown below and is substantially similar across the operational frequency bands.





*Notice & Willfulness*

18.     Fractus first noticed TCL via two letters in November of 2015. The letters informed TCL that Fractus believed that TCL was infringing its patents. The letters provided a full list of Fractus's patent portfolio, and specifically identified certain TCL products and Fractus patents that those products were infringing as examples, including several of the Patents-in-Suit. One letter was sent to Mr. Qiulin Luo, the Director, IP Center, TCL Corp., and the other letter was sent to Mr. Stephen Chiang, VP and General Counsel, TCL Corp.

### INFRINGEMENT OF U.S. PATENT NO. 7,394,432

19.     On July 1, 2008, United States Patent No. 7,394,432 (the "'432 patent") was duly and legally issued for an invention entitled "Multilevel Antenna." The claims of the '432 patent were amended during an *ex parte* reexamination that was initiated by Samsung, and a Reexamination Certificate was issued for the claims in their current form on April 7, 2015.

20.     The '432 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

21.     TCL has directly infringed and continues to infringe at least claim 6 of the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing

Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

22. Defendants have knowledge of the '432 Patent and have also indirectly infringed at least claim 6 of the '432 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

23. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '432 Patent by Defendants has damaged and will continue to damage Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,397,431

24. On July 8, 2008, United States Patent No. 7,397,431 (the "'431 patent") was duly and legally issued for an invention entitled "Multilevel Antennae." The claims of the '431 patent were amended during an *ex parte* reexamination that was initiated by Samsung, and a Reexamination Certificate was issued for the claims in their current form on March 31, 2015.

25. The '431 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. TCL has directly infringed and continues to infringe at least claim 14 of the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

27. Defendants have knowledge of the '431 Patent and indirectly infringe at least claim 14 of the '431 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

28. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '431 Patent by Defendants has damaged and will continue to damage Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 8,941,541

29. On January 27, 2015, United States Patent No. 8,941,541 (the "'541 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."

30. The '541 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

31. TCL has directly infringed and continues to infringe at least claim 17 of the '541 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

32. Defendants have knowledge of the '541 Patent and indirectly infringe at least claim 17 of the '541 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

33. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '541 Patent by Defendants has damaged and will continue to damage

Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

### INFRINGEMENT OF U.S. PATENT NO. 8,976,069

34. On March 10, 2015, United States Patent No. 8,976,069 (the "'069 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."

35. The '069 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

36. TCL has directly infringed and continues to infringe at least claim 32 of the '069 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

37. Defendants have knowledge of the '069 Patent and indirectly infringe at least claim 32 of the '069 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

38. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of

Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '069 Patent by Defendants has damaged and will continue to damage Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

### INFRINGEMENT OF U.S. PATENT NO. 9,054,421

39. On June 9, 2015, United States Patent No. 9,054,421 (the "'421 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."

40. The '421 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

41. TCL has directly infringed and continues to infringe at least claim 1 of the '421 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

42. Defendants have knowledge of the '421 Patent and indirectly infringe at least claim 1 of the '421 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

43. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '421 Patent by Defendants has damaged and will continue to damage Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 9,240,632

44. On January 19, 2016, United States Patent No. 9,240,632 (the "'632 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."

45. The '632 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

46. TCL has directly infringed and continues to infringe at least claim 17 of the '632 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

47. Defendants have knowledge of the '632 Patent and indirectly infringe at least claim 17 of the '632 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the

making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

48. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '632 Patent by Defendants has damaged and will continue to damage Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 9,362,617

49. On June 7, 2016, United States Patent No. 9,362,617 (the "'617 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."

50. The '617 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

51. TCL has directly infringed and continues to infringe at least claim 17 of the '617 patent by its manufacture, use, sale, importation, and/or offer for sale of Infringing Products, including but not limited to certain mobile phones with internal antennas such as those described above in paragraphs 13-17.

52. Defendants have knowledge of the '617 Patent and indirectly infringe at least claim 17 of the '617 Patent by active inducement under 35 U.S.C. § 271(b). Defendants have induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale and/or import Infringing Products. Defendants have done so by acts including but not limited to selling Infringing Products to their customers; marketing Infringing Products; and providing instructions, technical support, and direct links to vendor websites (available via https://us.alcatelmobile.com/ and https://nasupport.alcatelmobile.com/hc/en-

us/categories/115000433268-Phones, for instance) for the use of Infringing Products. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

53. The acts of infringement by Defendants have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of Fractus's exclusive rights under the '617 Patent by Defendants has damaged and will continue to damage Fractus, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Fractus prays for judgment against TCL as follows:

54. A judgment in favor of Fractus that Defendants have infringed and are infringing, either literally and/or under the doctrine of equivalents, the Patents-in-Suit;

55. An Order permanently enjoining Defendants, their respective officers, agents, employees, and those acting in privity with them, from further direct and/or indirect infringement of the Patents-in-Suit;

56. An award of damages to Fractus arising out of Defendants' infringement of the Patents-in-Suit, and enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

57. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

58. Granting Fractus its costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

59. Pursuant to Federal Rule of Civil Procedure 38(b), Fractus hereby demands a trial by jury on all issues triable by jury.

Dated: April 3, 2020                              Respectfully submitted,

By: */s/ Max L. Tribble*
Max L. Tribble
TX State Bar No. 20213950
mtribble@susmangodfrey.com
Joseph Grinstein
TX State Bar No. 24002188
jgrinstein@susmangodfrey.com
Justin A. Nelson
TX State Bar No. 24034766
jnelson@susmangodfrey.com
Adam Tisdall
TX State Bar No. 24106885
atisdall@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

T. John Ward, Jr.
State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
State Bar No. 24053063
claire@wsfirm.com

>WARD, SMITH & HILL, PLLC
>P.O. Box 1231
>Longview, Texas 75606-1231
>(903) 757-6400 (telephone)
>(903) 757-2323 (facsimile)
>
>**ATTORNEYS FOR FRACTUS, S.A.**